# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| WADE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0643-WS-B |
| | ) |
| NORFOLK SOUTHERN | ) |
| RAILWAY COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on defendant's Motion to Reconsider or Clarify (doc. 15), in which it seeks reconsideration of an Order (doc. 14) entered on February 8, 2011.

Defendant, Norfolk Southern Railway Company, Inc., previously moved to dismiss the Complaint brought by plaintiff, Wade Smith, as time-barred. Defendant's theory was that, even though Smith filed the Complaint on the last day of the limitations period, extensive delays in service of process prevent the filing of the Complaint from tolling the limitations period under Alabama law. On February 8, 2011, the undersigned entered an Order denying the motion to dismiss for the reasons that (i) Rule 12(b)(6) dismissal was not appropriate because it is not apparent from the face of the Complaint that Smith's claims are time-barred; and (ii) in the light most favorable to the non-movant, "the record shows that Smith did everything required by the Alabama Rules of Civil Procedure for service of process at the time of filing the Complaint." (Doc. 14, at 10.) Defendant now seeks reconsideration of that ruling.

As a threshold matter, defendant's Motion to Reconsider eschews any discussion of, or even recognition of, the applicable legal standard for reconsideration of a federal court's decision. Whatever the reasons for that omission may be, the fact remains that "[i]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Longcrier v. HL-A Co.*, 595 F. Supp.2d 1218, 1246 (S.D. Ala. 2008) (citations omitted). In that regard, the Supreme Court has confirmed that

motions to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (citation omitted); *see also Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.") (citation and internal quotation marks omitted); *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) ("a motion to reconsider should not be used by the parties to set forth new theories of law"). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier*, 595 F. Supp.2d at 1247 (citations and internal punctuation omitted). Defendant's Motion, at least in part, proceeds in derogation of these principles.

Norfolk Southern's primary ground for seeking reconsideration is that "the amendment to the pertinent Alabama rule of civil procedure … seems to have been overlooked in the February 8th order." (Doc. 15, at 4.) It was not. The undersigned was aware of, carefully reviewed, and cited the current version of Rule 4(i)(2)(b), Ala.R.Civ.P., in its February 8 Order. There was no oversight. The Court understood then -- and understands now -- that the current version of this rule "provide[s] an alternative mechanism for service of process by certified mail whereby the attorney or party filing the process and complaint may take care of service himself, as opposed to relying on the court clerk's office to perfect service." (Doc. 15, at 2.) Contrary to defendant's position, the February 8 Order's reliance on *Ex parte East Alabama Mental Health-Mental Retardation Bd., Inc.*, 939 So.2d 1, 3 (Ala. 2006), in no way demonstrates confusion by this Court as to the current status of Rule 4(i)(2)(B). The central analytical significance of the *East Alabama* decision was not in identifying what is necessary for Smith to perfect service -- the February 8 Order expressly looked to and cited Rule 4(i)(2)(B)(i) for that purpose -- but in articulating the appropriate Alabama legal standard, namely, that a plaintiff demonstrates the requisite intent to serve process immediately when "he did all that was required by the Rules of Alabama Civil Procedure to facilitate service." 939 So.2d at 5. Thus, the February 8 Order read *East Alabama* in conjunction with Rule 4(i)(2)(B)(i) in evaluating whether the requisite intent was present here. Contrary to the Motion to Reconsider, the Court did not proceed in ignorance of an amendment to the Alabama Rules of Civil Procedure.

Norfolk Southern moves on to assert that the February 8 Order is incorrect because "in this case the plaintiff chose to take care of service of process himself as per Rule 4(i)(2)(B)(ii)." (Doc. 15, at 3.) The February 8 Order considered and rejected this very argument. (Doc. 14, at 6 & n. 8.)[1] It is improper for defendant to utilize its Motion to Reconsider as a platform for re-arguing (and expounding on) an argument previously considered and rejected in the underlying Order. *See Garrett v. Stanton*, 2010 WL 320492, *2 (S.D. Ala. Jan. 18, 2010) ("Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion confers upon them license to move for reconsideration … as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a 'do-over' to erase a disappointing outcome. This is improper."); *Hughes v. Stryker Sales Corp.*, 2010 WL 2608957, *2 (S.D. Ala. June 28, 2010) (rejecting notion that motions to reconsider "are appropriate whenever the losing party thinks the District Court 'got it wrong'").

Finally, Norfolk Southern's Motion to Reconsider "again respectfully submits that this case is similar to *Pettibone Crane Co., Inc. v. Foster*, 485 So.2d 712 (Ala. 1986)." (Doc. 15, at 4.) The February 8 Order explained at length why defendant's reliance on that decision was misplaced. (Doc. 14, at 9-10 & n.12.) It is improper for defendant to use its Motion to

---

[1] Specifically, the February 8 Order stated that "Smith appears to have taken all steps required by the Alabama Rules of Civil Procedure for immediate service of process, and to have relied on the Clerk's office to perfect service." (Doc. 14, at 6 (citation and internal quotation marks omitted).) In the accompanying footnote 8, the February 8 Order explained why defendant's argument that plaintiff attempted service himself was not meritorious, at least for purposes of this Motion to Dismiss. Given the potential for conflicting interpretations of the record submissions, the February 8 Order properly credited the non-movant's version, specifically plaintiff's counsel's representation to this Court that he had relied on the state court clerk's office to perfect service, for purposes of deciding the Motion to Dismiss. Defendant has never explained, either in its original filing or now, why the evidence (such as it is) should be viewed in the light most favorable to defendant for purposes of its Motion to Dismiss. There appears to be a *bona fide* dispute about whether plaintiff's counsel did or did not entrust service of process to the state court clerk's office. The undersigned cannot and will not definitively resolve that disputed fact at this stage, prior to any discovery and with an undeveloped record before it. *See generally La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 848 (11th Cir. 2004) (citing authority for proposition that a "question of fact … is often inappropriate for resolution on a motion to dismiss under Rule 12(b)(6)"); *Morton's Market, Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 828 (11th Cir. 1999) ("The commencement of the statute of limitations is a question of fact.").

Reconsider to reiterate its previously rejected argument that this case is just like *Pettibone Crane* merely because it does not like the result of the February 8 Order. *See Longcrier*, 595 F. Supp.2d at 1250 ("The Court will not indulge defendant's procedurally improper request for a 'do-over' in its Motion to Reconsider of arguments that were fully considered and rejected in the [underlying] Order."); *Gipson v. Mattox*, 511 F. Supp.2d 1182, 1185 (S.D. Ala. 2007) ("Nor may a party properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order.").

For all of the foregoing reasons, defendant's Motion to Reconsider or Clarify (doc. 15) is **denied**.

DONE and ORDERED this 17th day of February, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE